UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SAMUEL M. BIRACH, :
: CASE NO. 1:12-CV-01677
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 12, 26.]
LOUIS STOKES V.A. LORAIN & :
CUYAHOGA WADE PARK, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pro se Plaintiff Samuel Birach brings this medical malpractice action against the United States. He says that doctors employed by the United States Department of Veterans Affairs mistreated his diabetes. The Government moved for summary judgment. Birach failed to respond. Because Birach has failed to show expert evidence of the recognized standard of care, and because Birach fails to show expert testimony supporting his claim that the doctors' malpractice proximately caused him injury, the Court **GRANTS** the Government's motion for summary judgment.[1]

**I. Background**

Birach has Type II diabetes.[2] From 2005 until 2007, he says that he controlled his diabetes.[3] But in August 2007, Birach says his blood sugar spiked after he lost his job as a master carpenter.[4] He says that he sought treatment at the VA.[5] There, he says that the VA doctors told him that he did

---

[1] Because the Court grants the Government's motion for summary judgement, the Court denies as moot the Government's motion to dismiss. Doc. 12.
[2] Doc. 1 at 2.
[3] Doc. 1 at 2.
[4] Doc. 1 at 2.
[5] Doc. 1 at 2.

-1-

Case No. 1:12-CV-01677
Gwin, J.

not need insulin despite his high blood sugar levels.[6/]  Generally, Birach says that he expressed concern to the VA doctors about his high blood sugar, throughout 2007 and 2008, but they did not place him on insulin.[7/]  As a result, Birach says, his diabetes spiraled out of control.[8/]  He says that the VA doctors' mistreatment of his diabetes caused him to suffer Charcot foot, which has required him to undergo surgery and caused him great pain and suffering.[9/]

Generally, the Government says that Birach refused to follow the VA doctors' instructions.[10/]  It says that in February 2000, Birach began treatment at the VA for his diabetes.[11/]  There, the Government says that the VA doctors gave Birach an instrument to measure his blood glucose levels and counseled him about managing his diabetes.[12/]  The Government says that Birach's doctors told him to come back every three months and to bring his meter to every appointment.[13/]  But, the Government says that Birach stopped attending his appointments.[14/]  Moreover, it says that when Birach did attend, he failed to bring his meter, monitor his blood sugar, and take his prescribed medications.[15/]  Put simply, the Government says that Birach's diabetes spiraled out of control because he failed to follow the VA doctors' treatment instructions.

In October 2010, Birach filed an administrative claim with the VA.[16/]  With that claim, Birach

---

[6/] Doc. 1 at 2.
[7/] Doc. 1 at 2-4.
[8/] Doc. 1 at 4.
[9/] Doc. 1 at 4.
[10/] Doc. 26-1 at 2-4.
[11/] Doc. 26-1 at 1.
[12/] Doc. 26-1 at 2.
[13/] Doc. 26-1 at 2.
[14/] Doc. 26-1 at 2-3.
[15/] Doc. 26-1 at 2-4.
[16/] Doc. 5-1 at 1.

Case No. 1:12-CV-01677
Gwin, J.

said that his injuries resulted from the VA doctors' negligent treatment of his diabetes.[17] He said that the doctors should have prescribed him insulin earlier.[18] The VA denied Birach's claims because of insufficient evidence.[19] It also denied his request for reconsideration.[20] On June 28, 2012, Birach filed this action. The Government has moved for summary judgment.[21] Birach failed to respond.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[22]

Under Rule 56, the moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case.[23] "A fact is material if its resolution will affect the outcome of the lawsuit."[24] The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[25]

Once the moving party satisfies its burden, the burden shifts to the non-moving party to set

---

[17] Doc. 5-1 at 1-2.
[18] Doc. 5-1 at 1-2.
[19] Doc. 5-1 at 5.
[20] Doc. 5-1 at 6.
[21] Doc. 26.
[22] *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[23] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[24] *Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004).
[25] *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

Case No. 1:12-CV-01677
Gwin, J.

forth specific facts showing a triable issue.[26] It is not sufficient for the non-moving party to show that there is some existence of doubt as to the material facts.[27] Nor can the non-moving party rely upon mere allegations or denials of its pleadings.[28] In responding to a summary judgment motion, the non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[29]

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party.[30] "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial."[31] Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[32]

Birach failed to respond to the Government's motion for summary judgment. But Birach's omission does not automatically result in summary judgment for the Government. Courts are required, at a minimum, to examine the movant's motion for summary judgment to ensure that it has

---

[26] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[27] *See id.* at 586.
[28] Fed. R. Civ. P. 56(e).
[29] *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (internal quotation omitted).
[30] *Thomas v. Cohen*, 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted).
[31] *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).
[32] *Martingale*, 361 F.3d at 301.

-4-

Case No. 1:12-CV-01677
Gwin, J.

met the burden imposed by Rule 56(c).[33] The movant may discharge its burden by pointing to an absence of evidence to support the nonmoving party's case.[34]

### III. Law & Analysis

The Court construes Birach's medical malpractice claim as a claim under the Federal Tort Claims Act ("FTCA"). Under the FCTA, a plaintiff may sue the United States for damages caused by its employees acting within the scope of their employment.[35] Courts refer to the law of the state where the alleged act or omission occurred to determine FTCA liability.[36] Here, Birach says that the purported malpractice occurred in Ohio.[37]

To make out a medical malpractice claim under Ohio law, a plaintiff must show: (1) the applicable standard of medical care; (2) defendant's negligent failure to meet that standard; and (3) that the defendant's negligence proximately caused the plaintiff's injury.[38] Ohio law also requires the plaintiff to show *expert testimony* to establish proximate causation.[39] The Sixth Circuit has applied the expert testimony rule to actions brought under the FTCA.[40]

Here, Birach has failed to show expert evidence that would establish the recognized standard of care in the medical community. Birach has also failed to give expert evidence that establishes what injury resulted from the VA doctors' care. The Court set January 13, 2013, as the deadline for

---

[33] *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).
[34] *Celotex*, 477 U.S. at 325.
[35] 28 U.S.C. § 2674. See also *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004).
[36] 28 U.S.C. 1346(b). See also *Rayonier Inc. v. United States*, 352 U.S. 315, 318-319 (1957); *Flechsig v. United States*, 991 F.2d 300, 303-304 (6th Cir. 1993).
[37] Doc. 1 at 2.
[38] *Bruni v. Tatsumi*, 346 N.E.2d 673, 677 (Ohio 1976).
[39] *Id.* at 677-68.
[40] *Lyons v. Brandly*, 430 F. App'x 377, 381 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1721 (2012).

Case No. 1:12-CV-01677
Gwin, J.

Birach to identify his expert witnesses.[41]  He failed to comply.  He also failed to oppose the Government's motion for summary judgment.  Because Birach has failed to meet Ohio's expert testimony requirement, he has not met his burden of showing a triable issue.

### IV. Conclusion

For the reasons above, the Court **GRANTS** the Government's motion for summary judgment.

IT IS SO ORDERED.

Dated: May 29, 2013                         s/       *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[41] Doc. 19.